IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:14CR39-3 |
| v. | : | |
| INTERNATIONAL LABOR MANAGEMENT CORPORATION | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, in its own person and through its president, Sarah Eury Farrell, and its attorney, Joshua Brian Howard, and state as follows:

1. The defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, is presently under Indictment in case number 1:14CR39-3, which in Counts Two through Thirty-Six charge it with violations of Title 8, United States Code, Section 1324(a)(1)(A)(iv), (a)(1)(A)(v)(II) and (a)(1)(B)(i), encouraging and inducing aliens to enter and reside in the United States for commercial advantage or private financial gain; which in Counts Thirty-Seven through Forty charge it with violations of Title 18, United States Code, Section 1546(a), obtaining visas by fraud; and which in Count Forty-One charges it with a violation of Title 18, United States Code, Section 1957, engaging in monetary transactions with criminal proceeds.

2. The defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, will enter a voluntary plea of guilty to Counts Two through Forty-One of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to it by its attorney.

    a. The defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, understands that, pursuant to Title 18, United States Code, Section 3551(c), the maximum punishment provided by law for Counts Two through Forty-One of the Indictment herein is a term of probation of not less than one year nor more than five years, pursuant to Title 18, United States Code, Section 3561(c)(1). The maximum fine for Counts One through Forty-One of the Indictment is $500,000, as to each count. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss, unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b. The defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, also understands that the Court shall order, as to Counts Two through Thirty-Six and Forty-One of the Indictment herein, in addition to any other penalty authorized by law, that the defendant make restitution to any person directly harmed by the defendant's conduct, pursuant to Title 18, United States Code, Section 3663A.

c. The defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, further understands that the sentence to be imposed upon it is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to Counts Two through Forty-One of the Indictment herein, the defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, knowingly waives and gives up its constitutional rights to plead not guilty, to compel the United

States to prove its guilt beyond a reasonable doubt, not to be compelled to incriminate itself, to confront and cross-examine the witnesses against it, to have a jury or judge determine its guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, is going to plead guilty to Counts Two through Forty-One of the Indictment herein because it is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

   a. The defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, agrees that upon entry of this plea it will submit to permanent debarment by the United States Department of Labor and the United States Citizenship and Immigration Service from the H2A and H2B visa programs. The defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, agrees to submit to whatever civil procedures are necessary to effectuate such debarment.

6. With regard to forfeiture, the United States and the defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, agree as follows:

   a. The defendant INTERNATIONAL LABOR MANAGEMENT CORPORATION knowingly and voluntarily consents and agrees to forfeit the following to the United States:

4

(1) pursuant to Title 8, United States Code, Section 1324(b)(1), any conveyance used in the commission of the violations to which the defendant is pleading guilty, the gross proceeds of such violations, and any property traceable to such conveyances or proceeds; and

(2) pursuant to Title 18, United States Code, Section 982(a)(6):

(i) any conveyance used in the commission of the offense to which the defendant is pleading guilty; and

(ii) any property, real or personal—

(I) that constitutes, or is derived from or traceable to proceeds obtained directly or indirectly from the offenses to which the defendant is pleading guilty; or

(II) that is used or intended to be used to facilitate the commission of the offenses to which the defendant is pleading guilty.

b. The specific property to be forfeited includes but is not limited to all assets of the defendant corporation, including, without limitation all bank accounts, cash on hand, furnishings, fixtures, and equipment, accounts receivable, computers, intellectual property, and any other property, tangible or intangible, belonging in whole or in part to INTERNATIONAL LABOR

5

MANAGEMENT CORPORATION. The defendant further knowingly and voluntarily consents and agrees to the entry of a forfeiture money judgment in the amount of $1,120,000.00. The parties agree that this sum represents the proceeds obtained directly or indirectly from the offenses to which the defendant is pleading guilty, and is therefore subject to forfeiture pursuant to Title 8, United States Code, Section 1324(b)(1), and Title 18, United States Code, Section 982(a)(6)(A).

    c. If any of the property described above, as a result of any act or omission of the defendant (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, then the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

    d. The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that it understands that the forfeiture of assets is part of the sentence that may be imposed in this case and

waives any failure by the court to advise it of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

e. The defendant knowingly and voluntarily waives its right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

f. The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive it, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

g. The defendant knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of property shall not be treated as satisfaction of any assessment, fine, restitution, cost

of imprisonment, or any other penalty this Court may impose in addition to the forfeiture.

7. The defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. It is further understood that the United States and the defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, INTERNATIONAL LABOR MANAGEMENT CORPORATION, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $400 for each offense to which it is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate

in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 22 day of July, 2014.

RIPLEY RAND
United States Attorney

JOSHUA BRIAN HOWARD
Attorney for Defendant

FRANK J. CHUT, JR.
NCSB # 17696
Assistant United States Attorney

INTERNATIONAL LABOR MANAGEMENT CORPORATION
Sarah Eury Farrell,
President

101 S. Edgeworth St.
Greensboro, NC 27401
336/333-5351

9